UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **DAMEON R. FUSILIER, ET AL.** | : | **CIVIL ACTION NO. 17-cv-1212** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **ELIZABETH ZAUNBRECHER, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Dismiss filed by defendants Lieutenant Elizabeth Zaunbrecher, Detective C. Michael Trosclair, Sergeant Jerod Abshire, Deputy Aaron Shelton, Sheriff Tony Mancuso, and Berkley Insurance Company. Doc. 46. Plaintiff Dameon R. Fusilier opposes dismissal. Doc. 50. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated below, **IT IS RECOMMENDED** that the Motion to Dismiss be **GRANTED**, the plaintiff's 42 U.S.C. § 1983 claims be **DISMISSED WITH PREJUDICE** and the plaintiff's state law claims be **DISMISSED WITHOUT PREJUDICE**.

**I.**
**BACKGROUND**

This case arises from a civil rights complaint filed by Dameon R. Fusilier,[1] following his arrest, 29-day incarceration without bail, and trial for false personation of a peace officer and criminal trespass, in the 14th Judicial District, Calcasieu Parish, Louisiana, for which he was

---

[1] The initial complaint included loss of consortium claims [doc. 1, p. 24] put forth by Ryan S. Benoit and by Kayla Lynn Fusilier, individually, and on behalf of her minor children, D. Deshotel and H. Fusilier. Doc. 1, pp. 1–2. On July 18, 2018, all claims, except those asserted by Dameon R. Fusilier, were dismissed with prejudice. Doc. 32.

acquitted. Doc. 1. According to plaintiff, on January 7, 2016, he was driving in Iowa, LA, when he observed a vehicle driving in "an erratic and unsafe manner." *Id.* at 7–8. He followed the driver and began flashing the LED security lights he had affixed to his car to get the driver's attention. *Id.* He alleges that he followed the vehicle onto a driveway, out of concern for the driver. *Id.* at 8. The car was driven by Lieutenant Elizabeth Zaunbrecher, an off-duty Calcasieu Parish Sheriff's deputy. *Id.* at 8–9; doc 46, att. 1, pp. 2–3. Plaintiff alleges that Zaunbrecher was angry and that, after a brief exchange, plaintiff left the scene, later reporting Zaunbrecher's driving to the police. Doc. 38, p. 11.

Plaintiff was arrested later that day for false personation of a peace officer, a violation of Louisiana Revised Statute § 14:112.1; and misdemeanor criminal trespass, a violation of Louisiana Revised Statute § 14:63. Doc. 50, att. 2. Following his arrest he was held without bail for 29 days, until February 4, 2016.[2] *Id.* at 4; doc. 38, pp. 20, 24. Plaintiff asserts that during this 29-day period, he lost 25 pounds, was denied medication, and was in tremendous pain due to a gallbladder removal on December 26, 2015. Doc. 38, pp.22–24.

On September 22, 2017, plaintiff filed suit in this court seeking damages under federal and state law. Doc. 1. Made defendants therein were the four employees of the Calcasieu Parish Sheriff's Office ("CPSO") alleged to be involved in plaintiff's arrest and detainment—Zaunbrecher, Detective C. Michael Trosclair, Sergeant Jerod Abshire, and Deputy Aaron Shelton. *See id.* at 12–17, 20–21. Also made defendants were Calcasieu Parish Sheriff Tony Mancuso, in his official capacity, and CPSO's insurer. *Id.* at 3.

Plaintiff initially asserted federal claims under 42 U.S.C. § 1983, alleging that the CPSO employees violated his constitutional rights under the Fourth, Eighth, and Fourteenth Amendment.

---

[2] Under Article 312 of the Louisiana Code of Criminal Procedure, a person in custody who is charged with the commission of an offense is entitled to bail before his conviction (barring a few exceptions not applicable to this case).

*Id.* at 20–21. In an amended complaint, plaintiff puts forth claims under Louisiana law and § 1983 for malicious prosecution, and under § 1983 for unlawful seizure. Doc. 38, pp. 26–28. His claims are asserted against Tony Mancuso in his official capacity and against the CPSO employees in their personal and official capacities, and against Berkley Insurance Company as the insurer of the CPSO. *Id.* at 3.

On November 6, 2018, defendants filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and alternatively pursuant to Rule 12(c). Doc. 46. They argue that no federal cause of action for malicious prosecution exists and that plaintiff has not alleged the factual basis necessary to sustain a claim based on Fourth Amendment violations. Doc. 46, att. 1, pp. 4–10. They also assert that the CPSO employees are entitled to qualified immunity, and that certain unspecified claims have prescribed. *Id.* at 10–15. Plaintiff opposes dismissal, arguing he has put forth enough facts to sustain his claim. Docs. 50, 57.

## II.
### LAW AND ANALYSIS

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus exclusively on the complaint and its attachments.[3] *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). Such motions are also reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007) (citing *Walker v. S. Cent. Bell Tel. Co.*, 904 F.2d 275, 276 (5th Cir. 1990)).

---

[3] Defendants improperly submitted various exhibits in support of their motion. *See* doc. 46, atts. 2–3; doc. 51, att. 1. Because we find it unnecessary to consider these exhibits in determining the merits of the motion, we ignore them rather than converting this motion into one for summary judgment.

The court's task in evaluating a motion to dismiss under Rule 12(b)(6) is "not to evaluate the plaintiff's likelihood of success," but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). However, "[w]hile the district court must accept as true all factual allegations in the complaint, it need not resolve unclear questions of law in favor of the plaintiff." *Kansa Reinsurance Co., Ltd. v. Congressional Mortgage Corp. of Texas*, 20 F.3d 1362, 1366 (5th Cir.1994) (citations omitted).

### A. Federal Claims under § 1983

At the outset, we note that although plaintiff connects his § 1983 claims to "malicious prosecution" [doc. 38, p. 28], his claims are more properly assessed as Fourth Amendment claims. Section 1983 provides a cause of action against those who "under color of any statute, ordinance, regulation, custom, or usage, of any State," deprive another "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "[T]o proceed under 42 USC § 1983 such a claim must rest upon a denial of rights secured under federal and not state law." *Castellano v. Fragozo*, 352 F.3d 939, 942 (5th Cir. 2003). "[N]o such freestanding constitutional right to be free from malicious prosecution exists." *Id.* at 945. Nevertheless, a claim can be brought under § 1983 for an unlawful arrest and detention if such events violate a person's Fourth Amendment protections against unreasonable search and seizure. *See id.* at 953–54; *see also Manuel v. City of Joliet, III.*, 137 S.Ct. 911, 914 (2017).

In reviewing a claim under § 1983, "[a] district court 'may raise the defense of limitations *sua sponte* . . . and dismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations.'"[4] *Stanley v. Foster*, 464 F.3d

---

[4] As noted above, the defendants asserted that unspecified claims had prescribed in their motion. To the extent that this argument was waived for failure to brief, we revive it *sua sponte* here.

565, 568 (5th Cir. 2006) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)) (alterations omitted). "Because there is no federal statute of limitations for § 1983 claims, district courts use the forum state's personal injury limitations period." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994). "In Louisiana, the one-year prescriptive period established in Civil Code Article 3492 applies to § 1983 claims." *Marceaux v. Lafayette City-Parish Consol. Gov't*, 921 F.Supp.2d 605, 645 (W.D. La. 2013). However, while "state law controls the limitations period for section 1983 claims, federal law determines when a cause of action accrues." *Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992).

Under federal law, "the statute of limitations upon a § 1983 claim seeking damages for false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 127 S.Ct. 1091, 1100 (2007). However, if the claim is based on an arrest with a warrant, "the limitations period begins to run when the suspect's 'false imprisonment comes to an end,' which occurs when the suspect 'appears before the examining magistrate and is bound over for trial.'" *McGuire v. Larpenter*, 592 Fed.Appx. 272, 275 (5th Cir. 2014) (quoting *Wallace*, 127 S.Ct. at 1091)) (alterations omitted).

Plaintiff's federal claims under 42 U.S.C. § 1983 are based on his arrest, which he alleges was conducted pursuant to a warrant. Doc. 38, pp. 16–20, 26. This seizure took place on January 7, 2016. *Id.* at 2. After appearing before the magistrate on February 3, 2016, the plaintiff was released on bond the following day. *Id.* at 2, 24–25. Given that the original complaint was filed September 22, 2017 [doc. 1], plaintiff's § 1983 claims are time-barred. Accordingly, we recommend that these be dismissed with prejudice and we decline to consider the other bases asserted by defendants under Rule 12(b)(6).

### B. State Law Claims

Under 28 U.S.C. § 1367(c)(3), a district court enjoys "wide discretion" in determining whether to retain supplemental jurisdiction over state law claims after the federal claims are dismissed. *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993). As the Supreme Court has emphasized, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Id.* (quoting *United Mine Workers of America v. Gibbs*, 86 S.Ct. 1130, 1139 (1966)). Given that the only remaining claims are non-constitutional torts asserted against state actors, we recommend the court decline to continue exercising supplemental jurisdiction in this matter and dismiss the state law claims without prejudice.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the Motion to Dismiss be **GRANTED**, the plaintiff's 42 U.S.C. § 1983 claims be **DISMISSED WITH PREJUDICE** and plaintiff's state law claims be **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir.1996).

THUS DONE AND SIGNED in Chambers this 13th day of March, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE